# McFARLAND *v.* WATSON.

PATENTS; INTERFERENCE; AMENDMENTS; FORMER ADJUDICATION; REDUC-
TION TO PRACTICE.

1. Where, after allowance of an application, and before the expiration of
   the six months thereafter within which the applicants have the
   right to pay the final fee, they are permitted to amend their ap-
   plication, as allowed, by inserting a claim upon which a patent to
   another party has been issued, and thereupon an interference is de-
   clared between the application as amended and the patent, and no
   motion is made by the patentee to dissolve the interference,—on an
   appeal by him from a decision awarding priority to the other parties,
   the question whether the amendment should have been allowed and the
   interference declared is not properly before this court for review
   (following *Cutler* v. *Leonard,* 31 App. D. C. 297) ; and the court,
   on such an appeal, will consider the claim in issue as properly re-
   lating back to the date of the filing of the appellees' original appli-
   cation, and that date as the date of their constructive reduction to
   practice.

2. If an amended application embodies anything new that was not in the
   original application, or materially differs or varies from the original
   application, it cannot be sustained and made to relate back to the
   latter.   The law does not permit such an enlargement of the original
   specifications as will interfere with the right of inventors who have
   entered the field or filed applications in the meantime.

No. 571.   Patent appeals.   Submitted May 13, 1909.   Decided June 1, 1909.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. William Stone Abert* and *Mr. Robert William Nelson*
for the appellant.

*Mr. T. Walter Fowler* and *Mr. S. Arthur Baldwin* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding, awarding judgment of priority to appellees, Henry W. Watson and William W. Watson, for an invention in window screens. The issue is as follows:

"In an improved window screen, the combination of the frame with the groove enlarged inwardly, the resilient slotted tubes forming a filling-piece adapted to be inserted in said grooves, the wire fabric to be engaged therein, substantially as described."

In the preliminary statements filed by the parties, appellant, George W. McFarland, alleges conception, disclosure, and the preparation of drawings in August, 1903, and reduction to practice in September, 1905. Appellees allege conception and disclosure in November, 1901, the making of drawings in September, 1902, and reduction to practice February 15, 1905. The decision of the Commissioner affirms the decision of a majority of the Board of Examiners in Chief, which, in turn, affirmed the decision of the Examiner of Interferences. It was found by the tribunals of the Patent Office that appellees established a conception of the invention in issue as early as September, 1902, and are entitled to the filing date of July 27, 1905, as their date of reduction to practice. This establishes a date prior to those alleged by appellant in his preliminary statement, both as to conception and reduction to practice, which, of course, are the earliest dates he can claim.

As before stated, this application for patent was filed July 27, 1905, which application was allowed by the Patent Office, June 19, 1906, but, because of a failure [by appellees] to pay the final fee, a patent was not issued to them. Appellant's application describing the invention in issue was filed De-

cember 1, 1905. He was notified by the Commissioner of Patents on May 11, 1906, that his application had been allowed. The final fee was paid May 29, 1906, and patent was issued to him bearing date of June 19, 1906, which was the same day upon which the appellees were notified of the allowance of their application. On February 27, 1907, appellees amended their application, and inserted therein the identical claim upon which the patent to appellant had issued. This was done upon the suggestion of the Primary Examiner on the application of appellees November 27, 1906, and approved by the Commissioner, December 15th following.

It will be observed that the appellees' application never became forfeited. The application was allowed June 19, 1906, and they had six months thereafter within which to pay the final fee. U. S. Rev. Stat. § 4897, U. S. Comp. Stat. 1901, p. 3386. Before the expiration of the six months, on December 15, 1906, they were permitted by the Commissioner to amend their application as allowed by inserting the claim here in issue, which was the claim upon which appellant's patent was granted. The officials of the Patent Office have held that the claim in issue can be properly read onto the invention described in the original specification and drawing. If this be true, it would relate back to the date of conception and reduction to practice established for the invention covered thereby. Without entering into a discussion of the inventions claimed by appellant and appellees, as shown in their drawings, we are inclined, with some hesitancy, to agree with the Board of Examiners in Chief that appellees' drawings show a substantial enlargement of the groove below the mouth or opening, which would permit the resilient tube to expand and hold the wire in place.

This, however, in our view of the case, as here presented, is of little importance. In the state of this record, it is too late, on appeal, to test this question. No motion was made by appellant in the Patent Office to dissolve the interference. Hence, the question of allowing the amendment, and of error in granting the interference, is not properly before us for review. This court, in *Cutler* v. *Leonard,* 31 App. D. C. 297, considering the

right of a party in the renewal of a forfeited application to embrace claims contained in a patent already issued, where it was claimed that the new claims improperly enlarged his original application, said: "It is now contended by counsel for Cutler in several differently-worded assignments of error that neither Leonard's original application nor his divisional application discloses the invention in issue, and that, therefore, he has improperly enlarged his said applications. In view of the position of Cutler before the Patent Office tribunals, and in view of rule 122 of the Patent Office rules, we do not deem it necessary to give these assignments of error more than passing notice. Manifestly, it was incumbent upon Cutler to raise this question before the Primary Examiner, whose skill in the particular art peculiarly qualified him to consider it. The claims being of a highly technical nature, we cannot permit Cutler to try his case backwards by raising this question at this stage of the proceedings. It may be noted, in passing, that the renewed Leonard application contains exactly the same drawings and disclosures as his original application."

We must consider, then, the claim in issue as properly relating back to the filing of the original specification, and that date as the date of reduction to practice by appellees of the invention in issue. This narrows the investigation to the question of priority,—conception and reduction to practice. The tribunals of the Patent Office found on both points in favor of appellees. We have examined the record, and find no reason to disagree with that conclusion. We think the evidence fairly discloses a conception of the invention described in the drawing and specification in 1902, which is prior to the date of conception claimed by appellant. Appellees must be accorded their filing date as a date of constructive reduction to practice of the invention then described, which is also prior to the date claimed by appellant. Being therefore obliged, as a matter of practice, to accord appellees the same dates for the amendment, priority was properly awarded to them.

It is insisted by counsel for appellant that, inasmuch as the Patent Office recognized the right of both appellant and ap-

pellees to patents for their respective inventions, as set forth in their allowed claims, and that, since each elected to take a patent so awarded, the rights of each became vested, and appellees cannot thereafter come into the Patent Office and amend their original application so as to include the invention of appellant, and have it relate back to and become a part of the original claims. It is further contended that the action of the Commissioner in allowing the amendment, and the placing of the parties in interference, was such an infringement of the vested rights of appellant under his patent as to render the acts of the Commissioner null and void. The unfortunate feature of this contention is that appellees had not accepted, and never did accept, the patent allowed on their application. Before that application became forfeited, and while it was still pending in the same form that it was in when copending with the application of appellant, appellees procured leave to make the amendment. The propriety of granting it, as heretofore stated, is not involved in this inquiry.

It is well settled that, if an application as amended embodies anything new that was not in the application as originally filed, or any material difference to, or variance from, the original, it cannot be sustained and made to relate back to the original application. The law does not permit such an enlargement of the original specifications as will interfere with the right of inventors who have entered the field in the meantime. As said by the Supreme Court in *Chicago & N. W. R. Co.* v. *Sayles,* 97 U. S. 554, 24 L. ed. 1053: The "courts should regard with jealousy and disfavor any attempts to enlarge the scope of an application once filed, or of a patent once granted, the effect of which would be to enable the patentee to appropriate other inventions made prior to such alteration, or to appropriate that which has, in the meantime, gone into public use." It may be unfortunate for appellant that the filing of a motion to dissolve the interference was overlooked in the Patent Office, but no reason is apparent for permitting him to litigate a matter on appeal which was not presented to the lower tribunals.

The decision of the Commissioner is affirmed, and the clerk is directed to certify these proceedings, as by law required.

*Affirmed.*